OPINION OF THE COURT
Norman C. Ryp, J.
A. issue: "The difference between the right word and the nearly right word can be the difference between the lightning *66 and the lightning bug.” (Mark Twain.) Whether the listing of incorrect ingredients of a reviewed restaurant dish by a newspaper’s food critic is actionable libel to the restaurant or chef? Yes, upon proof of damages.
B. facts and procedural history: This action to recover $1,500 damages for business libel by plaintiff Maryann Terillo, doing business as Le Cafe de la Gare (Le Cafe), against the metropolitan daily newspaper, New York Newsday (Newsday).
On March 4, 1987 Newsday published a dining column article by its food critic Molly O’Neill on page five of the food section. The dining review article, entitled "Casing Cassoulet”, claimed to be the result of Ms. O’Neill’s survey of 10 Manhattan restaurants serving cassoulet. Le Cafe, located at 143 Perry Street (Greenwich Village), New York, New York, objected to the review, claiming that the review misstated the ingredients of the cassoulet at Le Cafe. Specifically, Le Cafe’s Ms. Terillo claims that her cassoulet, as clearly stated on the March 4, 1987 menu, contains white beans, garlic, duck confit, pork sausage and garlic sausage and not lamb, sweet and hot sausages baked under a parmesan cheese crust as stated in Ms. O’Neill’s review. On March 25, 1987, after plaintiff notified Newsday of its mistake, Newsday’s Ms. O’Neill printed the following addendum to her dining column: "In a March 4th column, Molly O’Neill described the cassoulet at Le Cafe de la Gare as having lamb, pork and sweet and hot Italian sausages baked under a Parmesan cheese -crust. Maryann Terillo, the chef and owner of the restaurant on Perry St., said her cassoulet does not contain lamb, sweet and hot Italian sausage or parmesan cheese. It does contain duck confit and garlic sausage, she said”.
Unsatisfied with the March 25, 1987 addendum, plaintiff commenced this action in Small Claims Part on April 7, 1987. The trial was held before this court on May 18, 1987. At the end of the plaintiff’s case, New York Newsday moved to dismiss the complaint for failure to prove a prima facie case and any special damages. New York Newsday additionally asserted that there was no proof of actual malice or gross irresponsibility on its part toward Le Cafe and was, thus, privileged in this First Amendment defamation case. This court reserved decision.
C. applicable law: The United States Supreme Court in Gertz v Robert Welch, Inc. (418 US 323 [1974]) distinguished between statements of fact and opinion in First Amendment *67 cases. "Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas.” (Supra, at 339-340.) This standard was adopted and further clarified in Rinaldi v Holt, Rinehart & Winston (42 NY2d 369 [1977], cert denied 434 US 969 [1977]) and Mr. Chow of N. Y. v Ste. Jour Azur (759 F2d 219 [2d Cir 1985]), in which both the New York Court of Appeals and United States Second Circuit Court of Appeals drew distinctions between statements of fact and statements of opinion. Both courts held that statements of opinion are constitutionally protected and, therefore, not actionable. (See, Rinaldi v Holt, Rinehart & Winston, supra, at 380; Mr. Chow of N. Y. v Ste. Jour Azur, supra, at 223.) If the alleged statement of fact relates to a business libel, it must be shown that the facts are false and that the statement was published with malice or in a grossly irresponsible manner without due consideration for standards of information gathering and dissemination. (Chapadeau v Utica Observer-Dispatch, 38 NY2d 196, 198-199 [1975]; see also, Kuan Sing Enters. v T. W. Wang, Inc., 86 AD2d 549 [1st Dept], affd 58 NY2d 708 [1982]; Steak Bit v Newsday, Inc., 70 Misc 2d 437 [Sup Ct, Nassau County 1972].)
Whether a statement is factual or is an opinion is to be determined through the eyes of the "ordinary reader” of the statement. (See, Mr. Chow of N. Y. v Ste. Jour Azur, supra, at 224; Buckley v Littell, 539 F2d 882, 894 [2d Cir 1976], cert denied 429 US 1062 [1977].) The Second Circuit suggests that the court examine "both the context in which the statements are made and the circumstances surrounding the statements.” (Mr. Chow of N. Y. v Ste. Jour Azur, supra, at 226.) The court in Mr. Chow applies four tests, used herein, as borrowed from the District of Columbia Circuit Court of Appeals in Ollman v Evans (750 F2d 970 [DC Cir 1984]).
First, this court looked at the words themselves and their common usage. The words used in defendant’s March 4, 1987 restaurant review form a list of ingredients and an opinion of its taste. Le Cafe does not argue that the reviewer’s opinion— the cassoulet tasted like "a clunky Tuscan stew” — is libelous. However, Le Cafe does allege that the list of ingredients, the words themselves, are not opinion but a statement of fact to which this court agrees. There are no words of comment on the ingredients, just a list. The average reader would not surmise that the detailed, specific list is an opinion.
*68 Second, the court has considered whether the allegedly libelous statement is capable of being proven true or false. A list of ingredients can clearly be proved or disproved. Such a list is not a matter of personal taste — either the ingredients were or were not contained in the subject cassoulet. New York Newsday’s statement that ”[t]he ingredients actually used by the proprietor (assuming for the sake of argument that they varied from the reported ingredients) are quite beside the point. If the reviewer tasted lamb, it makes no difference to the reader if the ingredient was pork” is inaccurate at least and indicates a lack of concern for the reader’s trust. The ordinary reader would see this list as Ms. O’Neill’s recitation of what she in fact knew, not what her taste buds told her, was in the dish. That knowledge would either be obtained from a menu, which she was given by Le Cafe and admitted into evidence without objection, or from a representative of the restaurant. Clearly, New York Newsday was aware of plaintiffs cassoulet ingredients by the March 25, 1987 addendum.
The third and fourth tests, which look at the context of the reviewer’s statements, as well as the broad social context in which it was made, were combined by this court. The purpose of a restaurant review is to convey the reviewer’s opinion of the food, service, and atmosphere of a restaurant. It is the reviewer’s opinion to which the reader looks; it is the critic’s personal taste to and by which the reader seeks and may be guided. However, when the reviewer goes beyond comment on food, service and decor, and prints factual statements, such statements are taken out of the realm of protected opinion.
The statement of ingredients is not metaphorical, metaphysical nor hyperbolic and is filled with facts capable of being objectively proven true or false. Therefore, this court finds that Ms. O’Neill’s review, as printed by New York Newsday on March 4, 1987 and repeated in its March 25, 1987 addendum, is a factual statement not constitutionally protected in the manner of statements of opinion however unreasonable extreme or erroneous. (Rinaldi v Holt, Rinehart & Winston, supra, at 381.)
To prove its prima facie case, Le Cafe must also show that New York Newsday has acted with actual malice or gross irresponsibility. It is noted that the courts have held restaurants and their chefs are public figures for purposes of First Amendment, therefore requiring such proof of actual malice or gross irresponsibility. (See, Twenty-Five E. 40th St. Rest. *69 Corp. v Forbes, Inc., 30 NY2d 595 [1972]; Kuan Sing Enters, v T. W. Wang, Inc., supra; Steak Bit v Newsday, Inc., supra; Mr. Chow of N. Y. v Ste. Jour Azur, supra.) "The burden of proving 'actual malice’ requires the plaintiff to demonstrate with clear and convincing evidence that the defendant realized that his statement was false or that he subjectively entertained serious doubt as to the truth of his statement” (Bose Corp. v Consumers Union, 466 US 485, 511, n 30 [1984]), or to "establish, by a preponderance of the evidence, that the publisher acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties.” (Chapadeau v Utica Observer-Dispatch, supra, at 199.)
Plaintiff has shown that the defendants had a copy of the menu in their possession when Newsday printed the original article. Further, Ms. Terillo informed Newsday of its error almost immediately. Knowing that the listed ingredients were not accurate, it appears to this court that a responsible party with due consideration for the standards of information gathering and dissemination would have issued a clear correction, if not a retraction. Instead, New York Newsday simply repeated in the March 25, 1987 addendum its incorrect listed ingredients and elevated this mistake to the same level of the correctly listed ingredients. The constitutional right to be wrong must be offset by the responsibility to correct factual errors. Integrity is not only standing up for one’s rights of free expression but also owning up to one’s wrongs, even if eating humble pie (cassoulet). This is especially true for food critics, whose words, ingested by a gullible public, can mean life or death to a restaurant.
This court finds, in fact and law, that plaintiff has established by the fair preponderance of the credible evidence that New York Newsday acted in a grossly irresponsible manner as set forth by the New York Court of Appeals in Chapadeau (supra) and followed in Kuan Sing (supra), in which this court notes the World Journal published a lengthy correction with a photograph of the correct restaurant followed by a "rather effusive” apology in the following issue. This, New York Newsday failed, if not refused, to do.
Le Cafe, having prevailed on the above principle of liability, has failed, however, to prove any monetary damages as a result of the restaurant review or addendum published on March 4 and 25, 1987. The alleged disappearance of a "Mr. Chen”, a regular customer, without records or competent *70 proof as to past business either of Mr. Chen, or any other customer, or an accountant’s testimony as to decline in business income or profits is insufficient to prove damages. Therefore, upon failure to prove monetary damages, defendant’s motion to dismiss this action is granted and the complaint is dismissed, without costs.